## ROSWELL P. ANGIER *vs.* TAUNTON PAPER MANUFACTURING COMPANY.

Where the owner of a chattel, who has transferred the possession thereof to another person, with the agreement that it should become his property on the payment of a certain sum in monthly instalments, brings an action against a third person for a conversion of the chattel after payment of some of the instalments and a failure to pay the remainder, the measure of damages is the whole value of the property, with interest from the time of the conversion.

ACTION OF TORT for the conversion of a paper machine. Trial in the court of common pleas before *Mellen,* J. who signed the following bill of exceptions:

" The defendants claimed title from one Calvin Shepard, under a mortgage from him, dated July 3d 1852. The conversion by them was admitted. There was evidence tending to show an agreement between the plaintiff and Shepard for a sale of said machine to him, made in 1851, by which Shepard was to pay the plaintiff for the same one thousand dollars, in monthly payments of one hundred dollars each, and when the same was paid, the property was to become Shepard's ; and the property went into Shepard's possession under such agreement. There was also evidence tending to show that in pursuance of such agree-

ment Shepard had paid the plaintiff the sum of five hundred dollars, of which three hundred was paid before the mortgage of Shepard to the defendants. The whole one thousand dollars was never paid by Shepard. At the time of the conversion of the machine the remaining payments were due and in arrear; and no evidence was given of a waiver of the non-payment. The court ruled that the defendants could not show these payments in reduction of damages, and that the plaintiff was entitled to the full value of the machine at the time of the conversion, with interest from that time, and the jury found a verdict accordingly; to which ruling the defendants allege exceptions."

*D. Foster*, for the defendants. The balance of the purchase money due to the plaintiff, with interest, would fully indemnify him, and is the equitable and true measure of damages. *Pierce* v. *Benjamin*, 14 Pick. 361. *Chamberlin* v. *Shaw*, 18 Pick. 283. *Dresser Manuf. Co.* v. *Waterston*, 3 Met. 18. *Fowler* v. *Gilman*, 13 Met. 267.

*G. F. Hoar*, for the plaintiff. In this commonwealth, the general rule of damages in trover is the value of the property with interest from the time of the conversion. *Kennedy* v. *Whitwell*, 4 Pick. 466. *Shaw* v. *Nudd*, 8 Pick. 9. *Sargent* v. *Franklin Ins. Co.* 8 Pick. 90. *Pierce* v. *Benjamin*, 14 Pick. 356. *Greenfield Bank* v. *Leavitt*, 17 Pick. 1. *Johnson* v. *Sumner*, 1 Met. 172. Shepard gained no property in the machine by the payments, as he did not fulfil the conditions of the agreement. *Buckmaster* v. *Smith*, 22 Verm. 203. *Sawyer* v. *Shaw*, 9 Greenl. 47. *Tibbetts* v. *Towle*, 3 Fairf. 341. *Whipple* v. *Gilpatrick*, 19 Maine, 427. *Porter* v. *Foster*, 20 Maine, 391.

THOMAS, J. The plaintiff was the legal owner of the paper machine. The facts show, not a sale, but an agreement for a sale, upon certain conditions precedent, to be performed by Shepard. Those conditions had not been performed at the time of the conversion by the defendants. The property therefore remained in the plaintiff, and the measure of damages is indemnity to the plaintiff as the owner of the chattel, that is, the value of the property taken and interest from the time of the conversion The ruling of the court of common pleas was clearly right.

*Exceptions overruled.*